IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADELINA CHACIN, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:23-CV-01604-E |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States of America's Motion to Dismiss, which seeks to dismiss Plaintiff Adelina Chacin's ("Chacin") claims of negligent hiring, training, and supervision for lack of subject-matter jurisdiction under 12(b)(1). (ECF No. 11). To date, Chacin has failed to file any opposition or response, whatsoever. For the reasons enumerated below, the Court **GRANTS** the United States' Motion.

### I. BACKGROUND

This case arises out of a vehicle collision. On or about March 5, 2021, an employee of the Federal Bureau of Investigation—a governmental agency of the United States of America—was operating a government motor vehicle while in the course and scope of his employment. (ECF No. 4 at 2). The FBI employee and Chacin were both traveling on the Dallas North Tollway in Dallas, Texas, with Chacin's vehicle ahead of the FBI employee's vehicle. (ECF No. 4 at 3). As alleged, the FBI employee failed to control his speed and struck the rear of Chacin's vehicle. (ECF No. 4 at 3). As a result of the collision, Chacin sustained bodily injures. (ECF No. 4 at 3).

On July 19, 2923, Chacin initiated this lawsuit against the United States under the Federal Tort Claims Act ("FTCA"). (ECF No. 1). On August 21, 2023, Chacin filed an amended complaint. (ECF No. 4). On September 5, 2023, Chacin filed her second amended complaint, and this is the operative complaint she proceeds on. (ECF No. 7). Chacin alleges claims of negligence and negligence per se against the FBI employee, and incorporates claims of negligent hiring, training, and supervision against the United States. (ECF No. 7 at 3-5). On October 19, 2023, the United States filed a motion to dismiss, seeking dismissal of the negligent hiring, training, and supervision claims only. (ECF No. 11). Chacin wholly failed to answer or respond to the United States' motion. Thus, the United States' motion is ripe for consideration.

## II.   LEGAL STANDARD

A district court properly dismisses a claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 191 (5th Cir. 2001). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton, 529 F.3d 548, 557* (5th Cir. 2008).

## III.   ANALYSIS

Northern District of Texas Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon

the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Chacin failed to respond to the United States' motion to dismiss and more than 21 days have passed since the United States filed its motion. *See* N.D. Tex. Loc. Civ. R. 7.1(e). Because Chacin wholly failed to respond to the United States' challenge to subject-matter jurisdiction on her negligent training, hiring, and supervision claims, the Court concludes Chacin has abandoned these claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[1]

*(Conclusion and signature on following page)*

---

[1] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

## IV. CONCLUSION

For the reasons enumerated above, the Court **GRANTS** the United States's motion to dismiss, and Chacin's claims of negligent hiring, supervision, and training are **dismissed without prejudice**.

**SO ORDERED:** January 10, 2024.

Ada E. Brown
UNITED STATES DISTRICT JUDGE